UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                      )
                                            )   Case No. 14 B 28918
      FAP Investors, LLC,                  )
                                            )   Chapter 11
      Debtor.                              )
                                            )   Honorable Janet S. Baer
                                            )

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING
FIRST INTERIM APPLICATION OF HELLER, DRAPER, PATRICK, HORN & DABNEY, LLC,
ATTORNEYS FOR DEBTOR, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $62,706.50 | TOTAL COSTS REQUESTED: | $3,717.04 |
| TOTAL FEES REDUCED: | $1,000.00 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $61,706.50 | TOTAL COSTS ALLOWED: | $3,717.04 |

**TOTAL FEES AND COSTS ALLOWED: $65,423.54**

The Court has reduced the total fees requested in counsel's revised first interim fee application by $1,000 primarily due to two inadequacies in the revised application. Those inadequacies are: (i) "lumping" of time by various professionals, and (ii) inadequate descriptions provided.

The professionals or paraprofessionals who primarily billed time that was lumped include, but are not limited to, paralegal Kelly Fritscher (*see, e.g.*, entries in the Administrative category on February 16, 18, and 19, 2015) and legal assistant Deborah Hepting (*see generally*). In this jurisdiction, the Court may impose a ten percent penalty for "lumping." *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. Each type of service should be listed with the corresponding specific time allotment." (citation omitted)). The Court declines to impose a ten percent penalty in this case as the practice of lumping was not so significant that the Court could not adequately review the application. However, the Court has imposed a penalty of $500 to address the problem.

With respect to insufficient descriptions, the issue involves primarily two matters. First, Douglas S. Draper billed five hours of time on September 11, 2014 for attending the 341 meeting as listed in the Schedules, Statement of Financial Affairs, Initial Debtor Interview, Creditors' Meeting, and Monthly Operating Reports category. The 341 meeting itself did not last five hours. The entry (which is also lumped) apparently includes a meeting with another lawyer. The entry does not adequately describe that meeting. Second, attorney Greta M. Brouphy billed a total of 11 hours on February 26 and 27, 2014 for the preparation of a letter and memo to the file in the Administration category. The description is inadequate to justify the significant number of hours billed. In this jurisdiction, the Court may deny the allowance of compensation when the description of the time entry fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. Records which give no explanation of the activities performed are not compensable." (citation omitted)); *Wildman*, 72 B.R. at 708 (same). The time at issue that was inadequately described was not so significant that the Court could not adequately review the application. However, the Court has imposed a penalty of $500 to address the identified problem.

Dated: August 25, 2015

                                                                        Janet S. Baer
                                                                        United States Bankruptcy Judge